# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## STATE OF TENNESSEE v. A.D. SMITH, III

### Criminal Court for Shelby County
### No. 1301710

---

### No. W2015-00133-CCA-R9-CD  -  Filed December 15, 2015

---

JOHN EVERETT WILLIAMS, J., dissenting.

I respectfully disagree with the conclusions of the majority opinion for two reasons.  First, the implied consent law does not satisfy the consent exception to the warrant requirement of the Fourth Amendment.  Second, the evidence does not preponderate against the trial court's findings that the defendant did not freely and voluntarily, and without duress or coercion, consent to the blood test.

The statute under which the defendant was charged, Tennessee Code Annotated section 55-10-406(d)(5)(B), requires a mandatory blood draw, but it does not do so while eliminating the Fourth Amendment's warrant requirement.  The statute is silent as to whether a warrant is required for this mandatory blood draw, and this court has concluded that the provision was not intended "to operate as a blanket exception to the warrant requirement."  *State v. Charles A. Kennedy*, No. M2013-02207-CCA-R9-CD, 2014 WL 4953586, at \*12 (Tenn. Crim. App. Oct. 3, 2014); *see also State v. James Dean Wells*, No. M2013-01145-CCA-R3-CD, 2014 WL 4977356, at \*13 (Tenn. Crim. App. Oct. 6, 2014).  The majority opinion, and the cases cited by the opinion, interpret the mere act of operating a motor vehicle as dispensing with the need for a warrant to perform a blood alcohol test and creating a *per se* exception to the warrant requirement. This reasoning, however, necessitates "a conclusion that the legislature intended to create an exception to state and federal constitutional warrant requirements," which would render the statute unconstitutional.  *Charles A. Kennedy*, 2014 WL 4953586, at \*13. Additionally, a forcible blood draw is "an invasion of bodily integrity" that "implicates an individual's 'most personal and deep-rooted expectations of privacy.'"  *Missouri v.*

*McNeely*, 133 S. Ct. 1552, 1558 (2013) (quoting *Winston v. Lee*, 470 U.S. 753, 760 (1985)).  As a result, I conclude that "the privilege of driving does not alone create consent for a forcible blood draw," and "such a search is not reasonable unless performed pursuant to a warrant or to an exception to the warrant requirement." *James Dean Wells*, No. M2013-01145-CCA-R3-CD, 2014 WL 4977356, at *13.

Considering the totality of the circumstances, I agree with the trial court that there is no evidence that the defendant freely and voluntarily consented to the blood draw.  Consent will be invalid "[i]f the defendant's will was overborne and his or her capacity for self-determination [was] critically impaired." *State v. Cox*, 171 S.W.3d 174, 185 (Tenn. 2005).  The majority concludes that the totality of the circumstances illustrate that the defendant voluntarily consented to the blood draw.  However, the record reflects that the officers conveyed the "threat" of a mandatory blood draw to the defendant in such a way that his consent could not have been voluntary.  Both officers testified at the hearing that it did not matter whether the defendant consented because the law permitted the taking of the blood sample.  The trial court found that even if Officer Richardson explained the implied consent law, he did so while creating the impression that the defendant had no option but to submit to the blood testing.  The defendant testified that, after his arrest, he felt that he had no choice but to consent to the blood draw.  The trial court also found that the defendant appeared "to have made no verbal or written consent to the procedure," seeming to implicitly credit the testimony of the defendant over the testimony of Officer Richardson that the defendant verbally agreed to the blood draw.  Any consent given by the defendant was a product of duress and coercion, and it was not voluntary.  Therefore, I would defer to the trial court's credibility determinations and affirm the judgment of the trial court granting the motion to suppress.

_____
JOHN EVERETT WILLIAMS, JUDGE

2